UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VENKATA DURGAVARJHULA,

Plaintiff,

v.                                                          Case No.

BANK OF AMERICA, N.A. ,
CREDIT CONTROL, LLC.,
EQUIFAX INFORMATION SERVICES, LLC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

Defendants.

## COMPLAINT

NOW COMES Plaintiff, VENKATA DURGAVARJHULA ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants BANK OF AMERICA, N.A. ("BOFA" or "Defendant"), and CREDIT CONTROL, LLC. ("CREDIT CONTROL" or "Defendant"), and EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and TRANS UNION, LLC ("TRANS UNION" or "Defendant"):

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Chester County, in the

City of Downingtown, in the State of Pennsylvania.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of New Jersey and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN is a corporation conducting business in the State of New Jersey and is headquartered in Costa Mesa, California.

10. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

2

13. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a company conducting business in the State of New Jersey and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

19. Defendant BOFA is a federal-chartered bank doing business in the State of Pennsylvania, with its principal place of business located in Charolette, North Carolina.

20. Defendant BOFA is a "person," as defined by 47 U.S.C. §153 (39).

21. Defendant CREDIT CONTROL is a third-party debt collector doing business in the State of Pennsylvania, with its principal place of business located in Earth City, Missouri.

22. Defendant CREDIT CONTROL is a "person," as defined by 47 U.S.C. §153 (39).

23. Defendant CREDIT CONTROL is a "debt collector," as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

24. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

3

subrogees, representatives, and insurers.

25.     At all times relevant to this Complaint, and upon information and belief of Plaintiff, CREDIT CONTROL acts as an agent of BOFA in their collection attempts.

### Jurisdiction and Venue

26.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

27.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

### Facts

28.     Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN, and BOFA regarding a credit account that he initially had with BOFA, settled with BOFA and paid to BOFA.

29.     Plaintiff is also a victim of malicious debt collection practices conducted by CREDIT CONTROL.

30.     CRAs, including TRANS UNION, EQUIFAX, and EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

31.     Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

32.     Additionally, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

4

33. Also, debt collectors are prohibited from using unfair or unconscionable means to collect or attempt to collect any debt.

34. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with BOFA, which BOFA collected. The inaccuracies were found in all three credit reports published by the three CRA Defendants. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question:

35. On or around January 10, 2025, Plaintiff and BOFA settled the collected account ending in 8613  (the "Account") for $3,553.00.

36. Per the terms of the settlement agreement, Plaintiff made four (4) payments of $888.25 starting on January 31, 2025, with the last and final payment made on April 25, 2025, which fully satisfied the settlement agreement and Account.

37. On or around August 2025, Plaintiff received a copy of his credit report from each CRA Defendant.

38. To his surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant BOFA reported incorrect information regarding the Account to the CRAs.

39. TRANS UNION reported the Account status as "Charge Off" with a past-due, outstanding balance of $1,910.00.

40. EXPERIAN reported the Account status as "Charge Off" with a past-due, outstanding balance of $1,910.00.

41. EQUIFAX reported the Account status as "Charge Off" with a past-due, outstanding balance of $1,910.00.

42. Additionally, the three CRA Defendants failed to accurately report the payment history on the Account.

43.     The CRA Defendants' failure to report the Account correctly, including their failure to report the accurate status, accurate balance, and accurate payment history, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

44.     On August 30, 2025, Plaintiff issued disputes by mail to all three CRA Defendants regarding the incorrect information being reported on the Account.

45.     In his dispute letters, Plaintiff disputed the incorrect entries regarding the Account status, balance, and payment history. Plaintiff also included proof of the agreement between himself and BOFA and proof of the payments made to satisfy the agreement.

46.     Upon information and belief, pursuant to their obligations under the FCRA, all three CRA Defendants notified BOFA of Plaintiff's disputes within five days of receipt of the disputes.

47.     Further, upon information and belief, all three CRA Defendants would have sent the documentation Plaintiff included in his dispute letters to BOFA, including the terms of the settlement and proof of the payments. The notification from the CRA Defendants would explain to BOFA that Plaintiff's Account was paid and settled, and should be reported as such.

48.     Despite his very specific disputes and accompanying documents supporting his disputes, Plaintiff received a second and third set of credit reports from all three CRA defendants which reiterated the similar inaccuracies. Each respective and subsequent credit report continued to report inaccurate information as follows:

49.     The second report received on or around October 2025, stated the same status as "Charge-off" with a new outstanding balance of $2,063.00, from all three CRA Defendants.

6

50.     The third report received on or around January 2026, stated the same status for the account, but with an increased outstanding balance of $2,180.00, from all three CRA Defendants.

51.     On or around January 08, 2026, Plaintiff received a letter from Defendant CREDIT CONTROL regarding the same disputed Account.

52.     In that letter, CREDIT CONTROL alleged and claimed that the Plaintiff still owed a remaining balance of $2,180.90. The letter fails or neglects to take into account the settlement agreement between the Plaintiff and Defendant BOFA.

53.     At the time of filing this complaint, all three CRA Defendants continue to report the Account as having a balance owed, report an inaccurate status of the Account, and fail to report the accurate payment history.

54.     Upon information and belief, all three CRA Defendants continue to report this information because of (1) BOFA furnishing of incorrect information regarding the Account to the three CRA Defendants and (2) all three CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

55.     Additionally, upon information and belief, BOFA and CREDIT CONTROL failed to conduct a reasonable investigation into the information they furnished to the CRA Defendants.

56.     If BOFA and CREDIT CONTROL had complied with their duty to reinvestigate the Account when they received notice of the disputes, they would have conducted a reasonable reinvestigation and updated the information they were furnishing accordingly.

57.     Further, BOFA continues to furnish information regarding the Account that they know or should know is inaccurate.

58.     Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION, EQUIFAX, and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

59.     If TRANS UNION, EQUIFAX, and EXPERIAN had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

60.     As a result of the actions and inactions of all of the Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

61.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved because of his concern over the effects that Defendants' misreporting has had on his credit.

**COUNT I – TRANS UNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

62.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

63.     After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

64.     TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

65.     As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

69. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

70. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

71. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

72. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

9

74.    In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

76.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

77.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

78.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

79.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

80.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

81.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

82.    Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

83.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

84.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

85.    Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

86.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

87.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

88.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

89.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

90.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

11

91.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

92.    EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

93.    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

94.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

95.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

96.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VI – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

97.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

98.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

99.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing

12

to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

100.    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

101.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

102.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

103.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VII – BOFA**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)**

104.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

105.    After receiving Plaintiff's disputes, BOFA failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

106.    BOFA violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of BOFA's representations to the CRAs.

107.    As a result of this conduct, action, and inaction of BOFA, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

108.    BOFA's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

109.    In the alternative, BOFA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

110.    Plaintiff is entitled to recover costs and attorneys' fees from BOFA, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT VIII – CREDIT CONTROL**
**Violation of the Fair Debt Collections Protection Act – 15 U.S.C. § 1692 *et seq.***

111.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-61.

112.    Defendant CREDIT CONTROL violations of the FDCPA include, but are not limited to, the following:

> a. Defendant violated *§ 1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;
>
> b. Defendant violated *§ 1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and
>
> c. Defendant violated *§ 1692(e)8* of the FDCPA by communicating to the two CRA Defendants credit information that it knew or should have known to be false.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Dated: 07/17/2026                                        Respectfully submitted,

                                                         */s/ John Harris*
                                                         John Harris
                                                         Gator Law, P.C.
                                                         2 N Central Avenue, Ste. 1800
                                                         Phoenix, AZ 85004
                                                         P: (385) 324-5471
                                                         E: attorneys@gatorlawpc.com
                                                         Attorneys for Plaintiff,
                                                         VENKATA DURGAVARJHULA